In re CYCLOBENZAPRINE HYDRO-CHLORIDE EXTENDED–RELEASE CAPSULE PATENT LITIGATION.

Eurand, Inc. (now known as Aptalis Pharmatech, Inc.), Cephalon, Inc., and Anesta Ag, Plaintiffs–Appellees,

Impax Laboratories, Inc., Defendant–Appellant,

and

Mylan Inc. and Mylan Pharmaceuticals, Inc., Defendants–Appellees,

and

PAR Pharmaceutical Inc. and Twi Pharmaceuticals Inc., Defendants.

No. 2012–1280.

United States Court of Appeals, Federal Circuit.

Feb. 1, 2013.

John R. Lane, Attorney, Fish & Richardson, P.C., Houston, TX, William J. Marsden, Jr., Fish & Richardson, P.C., Wilmington, DE, Cherylyn Esoy Mizzo, Fish & Richardson, P.C., Washington, DC, Jonathan Elliot Singer, Fish & Richardson, P.C., Minneapolis, MN, for Plaintiffs–Appellees.

Debra Janece McComas, Haynes & Boone, LLP, Dallas, TX, C. Kyle Musgrove, Esq., Michael M. Shen, Haynes & Boone, LLP, Washington, DC, for Defendant–Appellant.

James Harold Wallace, Jr., Matthew James Dowd, Mark Pacella, Robert James Scheffel, Wiley Rein LLP, Washington, DC, for Defendants–Appellees.

Before NEWMAN, O'MALLEY, and REYNA, Circuit Judges.

## ORDER

PER CURIAM.

The merits opinion in this appeal has been filed under seal temporarily because the details of the settlement agreement discussed in the opinion were marked confidential by the parties in their briefs and joint appendix. These details of the settlement agreement are necessary to the court's analysis in this appeal. Accordingly, the court expects to release an unsealed opinion within 14 days unless one or both parties show adequate cause why *any of the information in this opinion regarding the settlement agreement* should be kept under seal or redacted.

The court notes that:

[t]here is no rule in the Federal Rules of Appellate Procedure that deals directly with confidentiality markings in appellate briefs. However, Federal Circuit Rule 28(d) permits parties to mark information in briefs as confidential, but only if the material is "subject to confidentiality mandated by statute or to a judicial or administrative protective order." Fed. Cir. R. 28(d)(1). Implicit in our rule is a requirement that the district court protective order comply with Rule 26 of the Federal Rules of Civil Procedure.

*In re Violation of Rule 28(D),* 635 F.3d 1352, 1358 (Fed.Cir.2011). To comply with Rule 26 of the Federal Rules of Civil Procedure, a party seeking to protect information must show "good cause." *See id.* at 1357. In this case, the parties stipulated to the protective order and neither party has yet shown good cause to prevent disclosure by this court.

Because the protection of confidential information is not an issue unique to our jurisdiction, we will apply the law of the regional circuit, which, in this case, is the Third Circuit. The Third Circuit applies a two-step analysis to determine whether a document or record is subject to a right of public access. *In re Cendant Corp.,* 260 F.3d 183, 192 (3d Cir.2001). A court must first ask whether the document is a "judicial record," *i.e.* has the document "been filed with the court, or otherwise somehow incorporated or integrated into a [court's] adjudicatory proceedings." *Id.* (citing *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 781 (3d Cir.1994)). If so, there is a presumptive right of access. *Id.* at 192–194. Next, the court must determine whether the presumption of public access accorded to such records has been rebutted. *Id.* at 194. To rebut the presumption, "the party seeking closure ... of the judicial record bears the burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* (quoting *Miller v. Indiana Hosp.,* 16 F.3d 549, 551 (3d Cir.1994)) (internal quotations omitted). The court must then balance the strong presumption of public access against "factors militating against access." *Id.* (quoting *Leucadia, Inc. v. Applied Extrusion Tech.,* 998 F.2d 157, 165 (3d Cir.1993)).

This order relates only to the information referenced in the court's opinion. The parties need not address or redesignate any other confidential designations to which they have agreed. The parties are invited to show cause in writing within 10 days of the date of this order as to why this opinion should not be unsealed. No extensions will be granted. The failure to respond to this order within that time by either party shall be understood as a concession by that party that adequate cause for nondisclosure cannot be shown.

IT IS ORDERED THAT:

(1) Within 10 days of the date of this order, parties shall show cause as to

why this opinion should not be sealed.

(2) No extensions will be granted.

(3) Failure to respond by either party shall be understood as a concession by that party that adequate cause for non-disclosure cannot be shown.